C. W. Baker, M. G. Heintz, for defendants.

* * *

(Common Pleas Court of Portage County.)

ELIZABETH KLINE v. THE WESTERN UNION TELEGRAPH COMPANY.

No damages for mere mental pain and suffering in consequence of the failure of the Telegraph Co. to deliver a message promptly can be recovered, Therefore damages for physical pain suffering induced by mental suffering, can neither be recovered.

This was an action for damages against the Telegraph Company for negligence in failing to promptly deliver a message. The plaintiff avers in her petition that she resides in Ravenna Village, Portage county, on Cedar street, and has resided there for two years last past, and has resided in the village of Ravenna for three years last past, and is well known in said village, and her place of residence is well known to the public of Ravenna, and is about one eighth of a mile from defendant's office in said village. That her mother died in Pikesville, Md., on or about April 21st, 1895, and was buried there April 25th, 1895, at 9:00 A. M.; that her sister, Marion Lowry, on April 22nd, 1895, at about 7 o'clock, A. M., at the office and place of business of defendant, in the city of Baltimore, Md., through defendant's employes caused a message to be transmitted and forwarded by telegraph to plaintiff at Ravenna, O., and to whom said message was to be delivered at said place at once, and said message was in words and figures, to-wit:

"No. 11H. ch. N. 1, Paid.

"Received at 8:07, P. M., April 22nd, 1895.

"Dated Baltimore, Maryland, 22.

"To Mrs. Elizabeth Kline, Ravenna, Ohio.

"Your mother is dead; bury Thursday, 9 A. M., at Pikesville.

"Marion Lowry."

VOL. 3—18*

That said message was sent by defendant from the city of Baltimore about 7:00 o'clock, A. M., on the 22nd day of April, 1895, and was received in Ravenna at defendant's said office therein April 22nd, 1895, at about 9:30 A. M.; that during all of the time from 8:07 o'clock, P. M., April 22nd, 1895, to April 24th, 1895, 9:30 o'clock, A. M., she was at her home on said street in said village of Ravenna, and could have been found at home all of said time; that Pikesville, the place where her mother was buried, is located in the State of Maryland, a distance of about 600 miles from Ravenna, where plaintiff resided, and it was impossible for her to reach Pikesville, Thursday at 9:00 o'clock, A. M., in time to attend her mother's funeral after receiving said message; that defendant had ample time to deliver said message to plaintiff, and that she would have had time to have traveled to Pikesville, Md., to attend her mother's funeral, had it been promptly delivered.

Plaintiff further avers that she is of a very nervous temperament and very susceptible to nerve shock, by fright, disappointment, or displeasure; that she was then and is now of a very affectionate disposition toward her relatives, and especially toward her mother, between whom and plaintiff was a strong tie of love and affection; that by reason of not receiving said message in time to go to Pikesville, Md., and attend her mother's funeral, and thereby being deprived of attending the same, it produced a nerve shock upon her, affecting her whole nerve system, rendered her weak and disabled her bodily and mentally from performing her work, and she has ever since and always will suffer great mental anguish, and be permanently injured by reason of said nerve shock, received as aforesaid. That defendant, its servants, employes and agents, were careless and negligent in receiving said message at its office in Ravenna at 8:07 o'clock, P. M., on the 22nd day of April, 1895, and not delivering the same to plaintiff until April 24th, 1895, at 9:30 o'clock, A. M.

That it was careless and negligent in not delivering said message promptly after receiving it at Ravenna, O.; that it carelessly and negligently held said message beyond all reasonable time for its delivery, without any excuse or reason therefor; that it was careless and negligent in employing agents and servants that neglected carelessly to deliver said message; that it carelessly and negligently held said original message as handed to the operator at Baltimore, Md., beyond all reasonable time before the same was sent from said Baltimore office to the office in Ravenna, O.

Plaintiff says further that on June 19th, 1895, which date being within 60 days from the date of the receipt of said message by her, she presented through her attorney her claim for damages to said Western Union Telegraph Company for allowance, and the same was by it rejected on the 10th day of August, 1895. By reason of all which griev-

ance plaintiff has been damaged in the sum of $1,999.99, for which she seeks judgment.

Defendant denies all liability.

ROBINSON, J.

The court has to say to counsel in this case, that it has permitted the trial to proceed and argument to be made to the jury, because counsel for the defendants did not ask the court to consider the question of law at the conclusion of plaintiff's testimony, and partially because of the fact that the proposition of law contained within the bringing of this action was a wholly new one to the court, and, as I find, wholly new to any of the courts who have ever had cases of this class to determine.

I have arrived at the conclusion in the case, however, that I deem it proper to put writing in. The rule of law applicable to the situation and the sending of this telegram, where the contract was not made with the plaintiff here, has been settled by a form of words in this state, and adopted by the courts as a rule. So far as the question of injuries is concerned, what might have been contemplated between the parties—the result of any negligence of the carrier—our Supreme Court has quoted approvingly from the case of New York, and say: "The damages must flow directly and naturally from the breach of contract, and they must be certain both in their nature and in respect to the cause from which they proceed. Under this rule, speculative, contingent, remote damages, which cannot be directly traced to the breach complained of, are excluded. Under the former rule such damages are only allowed as may fairly be supposed to have entered into the contemplation of the parties when they made the contract, as might naturally be expected to follow its violation."

This does not mean that the parties actually contemplated the damages that might follow, "but the damages must be such as the parties may be fairly supposed to have contemplated when they made the contract," or such as they would have contemplated had they stopped to think about the matter and considered it, which, as I have said, our Supreme Court has followed approvingly, in the 30th Ohio St., and has adopted the same rule, only in may be another form of words. In case of failure to deliver a telegraphic message the telegraph company is only liable for damages such as naturally flow from the breach of the contract or are in contemplation of the parties at the time the contract was made.

Now, as a matter of law, these parties knew and understood, that for a breach of this contract, that is, negligence in failing to deliver this telegram, the company could not be held liable for any mental pain and suffering that might follow from it; that is, as a naked question, or subject of injury or damages; that under the law of this State, both the party who sent the telegram and the defendant company who carried it, knew there could be no recovery for that kind of damages. The reason of that is,

the parties being presumed to know the law, that our courts hold that that class of damages is too speculative to be measured in a court of justice, holding, in another form of words, that they are too remote to naturally flow from or to follow a breach of the contract, or fairly to be supposed to have been contemplated by the parties. This case goes one step farther—the claim being that the injury in this case, which is the direct basis of the suit, is a physical result, or results, that follow the mental pain and suffering; that is, in the mind of the court, it is one step further away from a correct claim of damages than the one in relation to mental pain and suffering, for which, the law has said, they cannot recover. Our own Supreme Court says there can be no recovery for mental pain and suffering, except it be in connection with or accompanied by loss of property, injury to the reputation or injury to the person.

Now, the true meaning of that expression is, that the injury to the person must be the direct, and not the indirect result of the negligence. In the case here, the physical pain endured is the indirect result of the negligence, the direct result of which was the mental pain and suffering. So, it seems to the court, that the result of the argument of the plaintiff here would be, that the plaintiff admits she cannot recover for mental pain and suffering by itself; but, having suffered physically, as a result of the mental pain and suffering, she may recover for the mental pain and suffering; and, therefore, as the law has always said, if there be recovery for mental pain and suffering it must be when physical pain and suffering necessarily accompany it, the plaintiff evades the position and seeks to recover what the law says she cannot recover, by basing her recovery upon the direct result, which is the prohibited one.

It appears to the court that the whole matter is too speculative, within the meaning of the law, as our courts construe it in this state, and that any other construction by this court would have this result; that all these cases for mental pain and suffering for failure to deliver messages, would at once turn into cases that were accompanied by physical pain and suffering.

All of us know from experience or observation that as great or greater suffering is endured through purely mental causes than ever comes from physical causes, yet there can be no recovery for it by itself. And, as the courts have said, in this State—and those States which have adopted a different rule, have ever since regretted it—so, here it seems to me that if a party could recover for mental pain and suffering, as I have indicated, there would be no end of speculative cases on that claim which could be brought.

This being the view of the court, it is its duty to withdraw this case from the jury and determine the matter itself.

J. H. Dussel and C. B. Newton, for plaintiff.

R. S. Webb, for defendant.